OPINION
{¶ 1} Defendant-appellant Jacqueline R. Padgett appeals from her conviction and sentence upon one count of Robbery, following a bench trial. Padgett contends that *Page 2 
her conviction is against the manifest weight of the evidence, and is not supported by the evidence, because her purpose in using force in an unsuccessful attempt to take money from a motel cash drawer was merely "to get her own money back," not to deprive the motel owner of its property, because she was claiming a refund of money she had previously paid for a room.
 {¶ 2} The fact that Padgett was claiming a refund does not affect the status of the cash in the cash drawer as property owned by the owner of the motel. Consequently, the trial court did not err in convicting her of Robbery, and the judgment of the trial court is Affirmed.
 I {¶ 3} The facts are not in dispute. Padgett and her husband checked into an Econo Lodge motel in Dayton in May, 2006. They paid $226 for a week-long stay.
 {¶ 4} Later that day, Padgett became dissatisfied with the room. Although the doors to the motel front office were locked, the front desk clerk, Angela Lett, let Padgett in to discuss the situation. The time was between 10:30 and 10:45 p.m. Padgett told Lett she was dissatisfied with the room, and wanted a refund. Lett told Padgett that she would have to charge for one night's stay, but that a partial refund could be made. Lett told Padgett that she didn't have the money to effect the refund, but that when the third shift clerk arrived at 11:00 p.m., the refund could be made.
 {¶ 5} Padgett became insistent that she should get a refund. An altercation ensued in which Padgett assaulted Lett, who was injured. Padgett was later charged by indictment with Robbery. She was charged in the same indictment with Aggravated *Page 3 
Robbery, involving an incident that took place about two weeks later.
 {¶ 6} Padgett pled no contest to the Aggravated Robbery charge, which is not the subject of this appeal. After a bench trial, Padgett was convicted of the Robbery charge. She was sentenced to two years on each count, to be served concurrently. From her conviction and sentence, Padgett appeals.
 II {¶ 7} Padgett's assignments of error are as follows:
 {¶ 8} "THE COURT ERRED IN CONVICTING DEFENDANT OF ROBBERY IN COUNT ONE BECAUSE THE STATE FAILED TO PRESENT SUFFICIENT EVIDENCE THAT MS. PADGETT WAS ATTEMPTING TO COMMIT A THEFT OFFENSE WHEN SHE WAS TRYING TO GET HER REFUND.
 {¶ 9} "MS. PADGETT'S CONVICTION FOR ROBBERY WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE SINCE THE STATE FAILED TO PRESENT EVIDENCE THAT MS. PADGETT WAS ATTEMPTING TO COMMIT A THEFT OFFENSE WHEN SHE WAS TRYING TO GET HER REFUND."
 {¶ 10} Although Padgett asserts sufficiency and weight-of-the-evidence arguments, her argument in each case depends upon the purely legal argument that her purpose in going behind the counter and assaulting Lett (she does not deny having assaulted Lett) was not to deprive Econo Lodge of its property, but merely "to get her own money back."
 {¶ 11} The legal premise upon which Padgett predicates her argument fails. When Padgett and her husband paid for the room, the transaction was complete. It appears from Lett's testimony that the Padgetts paid for the room in cash. When the cash was delivered *Page 4 
to Lett, as an agent of the motel, the ownership of that cash was transferred from the Padgetts to the motel. The cash was no longer the property of the Padgetts.
 {¶ 12} Padgett asserted a claim for a refund. Lett, as an agent of the motel, appears to have conceded that the Padgetts could have a partial refund, as soon as the third-shift clerk arrived, but until that refund was consummated by delivering cash from the possession of the motel to the possession of the Padgetts, the cash remained the property of the motel. The assertion of a monetary claim does not transfer the ownership of property, even cash, from the person against whom the claim is asserted to the claimant. In the absence of the voluntary payment of a claim, a person making a monetary claim against another is not privileged to seize the other person's property to satisfy the claim, but must use legal process to satisfy the claim.
 {¶ 13} An element of Robbery is attempting or committing a theft offense. R.C. 2911.02(A). "Theft offense" is defined as including, among other offenses, the offense of Theft. R.C. 2911.02(C)(2) and R.C.2913.01(K). An element of Theft is having the "purpose to deprive the owner of property or services." R.C. 2913.02(A).
 {¶ 14} Padgett concedes that she assaulted Lett with the purpose of obtaining money from the motel cash drawer, but argues that the money she was trying to obtain was hers, because she merely wanted the refund to which she believed she and her husband were entitled. Regardless of the validity of Padgett's claim to a refund, the money in the cash drawer was owned by the motel, not by the Padgetts. Therefore, Padgett's belief that the motel owed her money is immaterial. She was using force in an attempt to deprive the motel of its property, either without the consent of the owner or its agent — in violation of R.C. 2913.02(A)(1), or beyond the scope of the express or implied consent of *Page 5 
the owner or its agent — in violation of R.C. 2913.02(A)(2). The trial court correctly found Padgett's act to constitute Robbery, in violation of R.C. 2911.02(A)(2).
 {¶ 15} Both of Padgett's assignments of error are overruled.
 III {¶ 16} Both of Padgett's assignments of error having been overruled, the judgment of the trial court is Affirmed.
 WOLFF, P.J., and GRADY, J., concur. *Page 1